**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 07a0115n.06**
**Filed: February 9, 2007**

**No. 06-5232**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

MOORE & ASSOCIATES, INC.,

        Plaintiff-Appellant,

v.

JONES & CARTER, INC.,

        Defendant-Appellee.

_____/

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

**Before:**     **KEITH, COLE, Circuit Judges; and STEEH, District Judge.**[*]

      **GEORGE C. STEEH, District Judge.** Plaintiff Moore & Associates (Moore) appeals the district court's ruling that defendant Jones & Carter, Inc.'s (Jones) indemnification liability to Moore is contractually limited to $18,109.98. The material facts are undisputed. Jones provided civil engineering services to Moore under a February 2, 2001 written contract in connection with Moore's construction of a hotel in Houston, Texas for non-party Hilcom Partners, Ltd.. Hilcom filed an arbitration action against Moore almost two years later, on January 11, 2003, alleging an improper grading design caused extensive water damage within the hotel. Moore in turn sued Jones in Tennessee state court alleging Jones owed a contractual duty to defend and indemnify Moore in the arbitration proceeding. This lawsuit was subsequently removed to the United States District Court

---

     [*] The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

for the Middle District of Tennessee on March 2, 2005 based on federal diversity jurisdiction.[1] 28 U.S.C. § 1332. Jones filed a counterclaim on June 28, 2005 alleging that a limitation of liability clause in the parties' contract limits Jones' indemnification liability to $18,109.98, the fee Jones charged Moore for engineering services. On August 11, 2005, Jones moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c). The district court issued a 14-page opinion on December 13, 2005 interpreting the contract under Texas law. The ruling considered separate limitation of liability and indemnification clauses in concluding that the contract unambiguously limited Jones' indemnity liability to $18,109.98. The district court certified its ruling for immediate appeal on January 26, 2006 under Federal Rule of Civil Procedure 54(b).

A district court's interpretation of a contract is a question of law which is reviewed *de novo*. *Olin Corp. v. Yeargin Inc.*, 146 F.3d 398, 403 (6th Cir. 1998). The parties agree Texas law is controlling by operation of a choice-of-law clause. *See Southeast Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 672, 672 n.8 (6th Cir. 2006); *NILAC Int'l Mktg. Group v. Ameritech Servs., Inc.*, 362 F.3d 354, 358 (6th Cir. 2004).

Upon our *de novo* review of the parties' contract under Texas law, we agree with the analysis and conclusions in the district court's well-reasoned opinion and, therefore, AFFIRM.

---

[1] Moore is a Tennessee corporation with its principal place of business in Hendersonville, Tennessee. Jones is a Texas corporation with its principal place of business in Houston, Texas. The alleged amount in controversy is approximately $250,000.00.